**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                            CASE NO. 3:17-cr-27-J-20MCR

STEPHEN MICHAEL MANNING

---

**NEW STANDING ORDER PERTAINING TO MOTIONS AND
NOTICES OF HEARINGS, STATUS CONFERENCES AND TRIAL**

**I.   OMNIBUS HEARING**

Defense counsel shall have three (3) days from the date hereof to notify the United States of America if the Omnibus Procedure is elected. This should be done orally and confirmed in writing. If the United States of America has not previously indicated whether it also elects Omnibus, it shall do so on the day of the receipt of the above information orally and confirm in writing. If the parties agree to proceed under the Omnibus procedure, counsel for all parties shall meet together and complete reciprocal discovery as promptly as possible. Not later than two (2) days before the scheduled hearing, the parties shall file with the Court the Omnibus Hearing Form prepared in accordance with the instructions attached thereto.

Each party may, if they so desire, file any briefs or memoranda with citations of authorities and argument in support of any motions made. The Court, however, will consider oral argument at the time of the hearing in lieu of any written brief or memorandum.

## II.     **RULES - DISCOVERY UNDER STANDING ORDER**

If any party fails to affirmatively elect Omnibus Discovery, the Court assumes it has been rejected.  Under these circumstances, the defendant(s) may accept the following discovery by filing with the Court a <u>Notice of Acceptance of General Discovery</u> within ten (10) days hereof, or as otherwise directed by the Court.   Within the same time period, the defendant(s) may file any additional motions concerning matters not covered by this Order.

A. Within ten (10) days from the filing of the Notice of Acceptance of General Discovery, the Government shall disclose to the defendant(s) and make available for inspection, copying, or photographing:

1. any relevant written or recorded statement made by the defendant(s), or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; and

2. that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent;

3. the substance of any other relevant oral statement, if the Government intends to use that statement at trial (including for impeachment), made by the defendant(s) whether before or after arrest in response to interrogation by any person then known to the defendant(s) to be a

    Government agent; and

4. recorded testimony of the defendant(s) before a grand jury which relates to the offense charged; and

5. books, papers, documents, photographs, tangible objects, buildings, or places or copies or portions thereof, which are within the possession, custody or control of the Government, which:

   a. are material to the preparation of the defense; or

   b. are intended for use by the Government as evidence in its case in chief; or

   c. were obtained from or belong to the defendant; and

6. results or reports of physical or mental examinations, and scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, which:

   a. are material to the preparation of the defense; or

   b. are intended for use by the Government as evidence in its case in chief.

B. Within ten (10) days from the filing of the Notice of Acceptance of General Discovery, the Government shall furnish the defendant(s) such copy of his prior criminal records, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

C. The Government shall provide reasonable notice in advance of and at least 10 days before trial of the general nature of any evidence of other crimes, wrongs or acts which it intends to introduce at trial, either in its case in chief, for impeachment, or possible rebuttal, pursuant to Rule 404 (b), Federal Rules of Evidence. Such notice may be made during trial if the Court excuses pretrial notice on good cause shown.

D. Not later than five (5) days before trial, the Government shall reveal to the defendant(s) all information and material known to the Government which may be favorable to the defendant(s) on the issue of guilt or punishment within the scope of Brady v. Maryland, 373 U. S. 83 (1963).

E. Where so stated, the Government shall exercise due diligence to make known the matters covered by this Order.

F. Upon compliance by the Government with Paragraphs A.5 and A.6 of this Order, the defendant(s), within five (5) days after said compliance, shall permit the Government to inspect and copy or photograph:

1. Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant(s), and which the defendant(s) intends to introduce in his case in chief at trial; and

2. Results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, within the possession or control of the defendant(s), which:

a. the defendant(s) intends to introduce as evidence in his case

      in chief at trial; or

   b. were prepared by a witness whom the defendant(s) intends to call at the trial when the results or reports relate to that witness' testimony.

G. If, prior to or during trial, a party discovers additional evidence or material previously required to be disclosed by Order of this Court, he shall promptly notify the attorney for the other party, or the defendant(s), if he or she is not represented by counsel, of the existence of the additional evidence or material.

H. In accordance with Rule 12.2 of the Federal Rules of Criminal Procedure, if the defendant(s) intends to rely upon the defense of insanity at the time of the alleged crime, or if he intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of his mental state, he should comply with the notification procedure as set forth in said Rule within ten (10) days of the date hereof.

I. In accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, if the Government makes a written demand concerning an alibi, the defendant shall comply with the notification procedure set forth in said Rule within ten (10) days from the service of said written demand.  Upon receipt of the notice of alibi by the Government, the provisions of Rule 12.1(b), Federal Rules of Criminal Procedure, shall be complied with.

NEW STANDING ORDER PERTAINING TO MOTIONS AND NOTICE OF HEARINGS,
STATUS CONFERNCES & TRIAL

### III.  RULES - DISCOVERY BY WRITTEN MOTIONS

If any party fails to elect to accept Omnibus Discovery, and the defendant(s) elects not to accept Rules - Discovery Under Standing Order, as stated in Part II, the defendant(s) shall file motions for Discovery, Suppression, Return of Property, Bill of Particulars, Dismissal, Defenses, Objections and any other pretrial matter within ten (10) days hereof, or as otherwise directed by the Court.

### IV.  HEARINGS, STATUS CONFERENCES AND TRIAL

Unless otherwise indicated below, the following proceedings will be held in the United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.

**A.**  **\*OMNIBUS OR DISCOVERY HEARING:**

**\*DEFENDANTS ARE NOT REQUIRED TO BE PRESENT AT THE OMNIBUS OR DISCOVERY HEARING.**

**\*DISCOVERY MOTIONS TO BE FILED BY: MARCH 13, 2017**

Date: **To be set if motions are filed.**

Courtroom Number: **5C**

**DISPOSITIVE MOTIONS, MOTION FOR THE DISTRICT JUDGE AND MOTIONS TO SUPPRESS ARE TO BE FILED BY: MARCH 27, 2017**

**B.**  **SUPPRESSION HEARING:**

Date: **To be set if motions are filed.**

Courtroom Number: **5C**

**C.**  **Status Conference:**

Date: **APRIL 19, 2017**    Time: **2:30 P.M.**

Courtroom Number:           **10C**       (**10th Floor**)

NEW STANDING ORDER PERTAINING TO MOTIONS AND NOTICE OF HEARINGS,

STATUS CONFERNCES & TRIAL

**ALL PLEA AGREEMENTS MUST BE REVIEWED, SIGNED AND FILED WITH THE CLERK NO LATER THAN 4:00 P.M. ONE WEEK PRECEDING THE STATUS CONFERENCE.   COUNSEL ARE PLACED ON NOTICE THAT THE COURT WILL NOT CONSIDER PLEA AGREEMENTS FILED AFTER THIS DEADLINE.**

**COUNSEL ARE DIRECTED TO BE AS DILIGENT AS POSSIBLE IN SCHEDULING CHANGE OF PLEA HEARINGS BEFORE THE UNITED STATES MAGISTRATE JUDGES NO LATER THAN THE WEEK PRIOR TO THE STATUS CONFERENCE.**

    D.    **Trial:**

        Date: **MAY 1, 2017**    Time: **9:30 A.M.**

        Courtroom Number:    **10C**    (**10th Floor**)

**ALL DEFENDANTS AND ALL ATTORNEYS IN THE CASE MUST BE PRESENT AT THE HEARING AND AT THE TRIAL.**

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of February, 2017.

                                                      By: s/SS
                                                          Deputy Clerk

Copies to:
Honorable Harvey E. Schlesinger,
Senior United States District Judge
Marsha Grant, Courtroom Deputy
Assistant United States Attorney (Karase)
Gene Moss, Esq.
United States Probation Office
United States Marshal Service