UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                           CASE NO.  3:17-cr-27-J-20MCR

STEPHEN MICHAEL MANNING
    a/k/a "Casper"

**UNITED STATES' CONSENT MOTION FOR ENTRY
OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America respectfully moves this Court, pursuant to 21 U.S.C. § 853 and Rules 32.2(b)(2) and (4) of the Federal Rules of Criminal Procedure, to enter a Preliminary Order of Forfeiture as to a Glock 35 .40 caliber handgun, serial number KSP780164, with magazine and ammunition (Glock firearm with magazine and ammunition), which, upon entry, shall be final as to Defendant Stephen Michael Manning, a/k/a "Casper."  In support thereof, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

1. **Statement of Facts**

    1.    On February 16, 2017, the defendant was charged in a three count Indictment.  Count One, which is pertinent to this motion, charged the

defendant with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.  Doc. 1.

2. In relevant part, the Indictment contained forfeiture allegations putting the defendant on notice that, pursuant to the provisions of 21 U.S.C. § 853, the United States would seek forfeiture of any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation charged in Count One.  Specifically, the United States sought forfeiture of two Glock firearms and ammunition.  *Id.* at 4.

3. On July 20, 2017, the defendant pled guilty to Count One of the Indictment at a hearing before United States Magistrate Judge Monte C. Richardson, who made a report, recommending that the defendant's plea be accepted.  Docs. 45, 46.  On July 21, 2017, United States District Judge Brian J. Davis, on behalf of United States District Judge Harvey E. Schlesinger, accepted the defendant's plea, adjudicated him guilty, and set the defendant's sentencing for October 11, 2017.  Doc. 48.

4. In the Factual Basis of his Plea Agreement, the defendant admitted, among other things, that he and others traveled to Georgia and acquired more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine.  The defendant transported the methamphetamine into Jacksonville, Florida, for the purpose of distribution.

While transporting the methamphetamine, the defendant possessed a Glock 35 .40 caliber handgun, serial number KSP780164, with magazine and ammunition, in the vehicle.  Doc. 45.

5.	In paragraph 10 of his Plea Agreement, the defendant agreed to forfeit the Glock firearm with magazine and ammunition.  In addition, the defendant consented to the filing of a motion by the United States for immediate entry of a Preliminary Order of Forfeiture.  *Id.* at 8, 9.

6.	Pursuant to Rule 32.2(b)(4)(A), the defendant agreed in his Plea Agreement that the order of forfeiture would be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.  *Id.* at 9, 10.

II.	**Legal Authority**

The Court's authority to order forfeiture of property for a violation of 21 U.S.C. § 846 is founded upon 21 U.S.C. § 853, which provides, in relevant part, that any person, convicted of a violation of Title 21 of the United States Code, punishable by imprisonment for more than one year, shall forfeit any property used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the offense.  *See* 21 U.S.C. § 853(a)(2).

Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure requires that as soon as practical after a verdict or finding of guilty on any count in an

indictment or information for which criminal forfeiture is sought, the Court must determine what property is subject to forfeiture under the applicable statute.

Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the offense.  Here, the defendant admitted that the Glock firearm with magazine and ammunition was used or intended to be used, to facilitate drug trafficking activities as charged in Count One; thus the Glock firearm with magazine and ammunition is subject to forfeiture.

### III.   Conclusion

For the reasons stated above, the United States requests that the Court enter a Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. 853(n), forfeiting all right, title and interest of the defendant in the Glock firearm with magazine and ammunition to the United States.

The United States further requests that in accordance with his Plea Agreement, the order of forfeiture become final as to the defendant at the time it is entered.  Doc. 45 at 9.

Upon issuance of the Preliminary Order of Forfeiture, the government will provide written notice to all third parties known to have an alleged legal interest in the Glock firearm with magazine and ammunition and will publish

notice on the internet at www.forfeiture.gov.  Determining whether a third party has an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Pursuant to Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment.  See United States v. Kennedy, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to enter any orders necessary for the forfeiture and disposition of the subject Glock firearm with magazine and ammunition and to entertain any third party petitions which may be filed in these proceedings.

        Respectfully submitted,

        W. STEPHEN MULDROW
        Acting United States Attorney

By:   *s/ Bonnie A. Glober*
      BONNIE A. GLOBER
      Florida Bar No. 0748307
      Assistant United States Attorney
      300 N. Hogan Street, Suite 700
      Jacksonville, Florida 32202
      Telephone: (904) 301-6300
      Facsimile:  (904) 301-6310
      E-mail: bonnie.glober@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Gene Thomas Moss, Esquire

*s/ Bonnie A. Glober*
BONNIE A. GLOBER
Assistant United States Attorney